1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA GUILLEN GONZALEZ, | Case No. 1:25-cv-00141-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE |
| v. | |
| NEXUS ADMINISTRATORS, LLC, et al., | |
| Defendants. | (ECF Nos. 2, 3) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Martha Guillen Gonzalez, proceeding *pro se*, filed a complaint in this action on February 4, 2025.  (ECF No. 1.)  Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  Because the Court is unable to determine from the information provided in the submitted short form application if Plaintiff is entitled to proceed in this action without prepayment of fees, the Court ordered that Plaintiff complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239, which the Clerk of Court attached to the order. (ECF No. 3.)  The Court noted that if Plaintiff is unwilling to complete and submit the Long Form within thirty days, Plaintiff must pay the filing fee in full.  Plaintiff failed to comply with the Court's order by the deadline.

On March 12, 2025, the Court ordered that Plaintiff show cause within fourteen (14) days

1

why her application to proceed *in forma pauperis* should not be denied. (ECF No. 4.) The Court advised Plaintiff that submitting a completed Long Form application or paying the filing fee would satisfy the order. The Court cautioned Plaintiff that if she failed to comply with the order to show cause, the Court would recommend that Plaintiff's application be denied. Plaintiff failed to respond to the Court's order to show cause by the deadline. For the following reasons, the Court recommends denying Plaintiff's application to proceed *in forma pauperis*.

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In Plaintiff's short form application, Plaintiff does not provide a response to Question 2 asking Plaintiff that, if she is employed, to provide her employment information and gross and take-home pay or wages. (ECF No. 2.) Further, Plaintiff's response to Question 3 regarding "other income" raises questions regarding Plaintiff's entitlement to proceed without prepayment of fees. In response, Plaintiff states, in full:

> I received $250,000 in life insurance proceeds in August of 2024 and shared it with my late husband's daughter as he requested. Believing I would promptly receive about $175,000 (after taxes) in 401k survivor benefits, I used all my life insurance proceeds to pay off all my debts, home, and car and to purchase a stone for my late husband's grave. I now have no money at all but expect to start getting from $500 to $1,000 per month in survivor social security

1            benefit in the next few months as their benefits process is slow and
2            complicated. I started it a month ago and it has gotten nowhere to
            date.

3  (Id. at 2.)

4        Plaintiff states she has $100 in a checking or savings account and owns the following

5  assets: (1) a home worth approximately $250,000, which is paid off, and (2) a 2024 Toyota

6  RAV4, worth approximately $25,000.00. (Id. at 2.) Plaintiff states her monthly expenses, which

7  include transportation, property taxes, utilities, telephone, internet, clothing and food, home

8  maintenance, and entertainment amount to approximately $2,000 per month. (Id.) Plaintiff does

9  not claim any dependents or any debts.

10        In assessing whether a certain income level meets the poverty threshold under Section

11  1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department

12  of Health and Human Services. See, e.g., Boulas v. U.S. Postal Serv., No. 1:18-cv-01163-LJO-

13  BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty

14  guidelines to deny IFP application); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL

15  6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL

16  1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

17        Construing Plaintiff's failure to respond to Question 7 as though she claims no

18  dependents, the 2025 Poverty Guidelines provide that the poverty guideline for the 48 contiguous

19  states for a household of one is $15,560. 2025 Poverty Guidelines,

20  https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited April 1,

21  2025). Aside from the $250,000 in life insurance proceeds received six months prior to the filing

22  of the application, Plaintiff checked "no" to receiving income in the past twelve months and

23  contends she "now h[as] no money at all." (ECF No. 2 at 2.) However, Plaintiff simultaneously

24  describes monthly expenses amounting to approximately $2,000. The source of payment for

25  Plaintiff's high monthly expenses is unclear. Because Plaintiff refuses to file a long form

26  application to provide a break down of her $2,000 in monthly expenses by category, it is also

27  unclear how much of the monthly expenses are necessary costs of living or recreational. The

28  Court also notes that Plaintiff owns nearly $275,000 in assets and omits owing any debts or

financial obligations.

The Court finds the limited information contained in the application inconsistent with a finding of poverty based on income received in the past twelve months, stated monthly expenses, and stated assets.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $405.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

**Should Plaintiff file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 during the objection period, the Court will consider the application.**

IT IS SO ORDERED.

Dated:   **April 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge